**UNITED  STATES  DISTRICT  COURT**
**SOUTHERN  DISTRICT  OF  OHIO**
**WESTERN  DIVISION**

---

Earl Anderson,
     Petitioner

    vs.                             Case No. C-1-01-610
                                 (Spiegel, J.; Novotny, M.J.)

Margaret Bagley,
     Respondent

---

**REPORT AND RECOMMENDATION**

---

Petitioner, an inmate in state custody at the Mansfield Correctional Institution in Mansfield, Ohio, has filed this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, respondent's return of writ and petitioner's traverse.  (Docs. 1, 4, 5).

**Factual and Procedural Background**

On October 20, 1994, the Hamilton County Grand Jury indicted petitioner on seven counts of felonious assault as defined in Ohio Rev. Code § 2903.11, and one count of improperly discharging a firearm at or into a habitation or school as defined in Ohio Rev. Code § 2923.161, each with a gun specification. (Doc. 4, Ex. 2).  A jury found petitioner guilty of three counts of felonious assault with gun specifications, and on August 18, 1995, the Court sentenced petitioner to consecutive terms of five (5) to fifteen (15) years on each felonious assault charge and three (3) years of actual incarceration for each gun specification.  (Doc. 4, Ex. 1).

Petitioner, with the assistance of counsel, filed an appeal to the Ohio Court of Appeals, raising the following assignments of error:

    1.  The judgment, verdict, and sentence are against the manifest weight

of the evidence and are contrary to law.

2.  The trial court erred to the prejudice of the defendant-appellant in overruling his motion to suppress.

(*Id.,* Ex. 3).  On April 12, 1996, the Ohio Court of Appeals overruled the assignments of error and affirmed the conviction and sentence.  (*Id.,* Ex. 5).  Petitioner did not appeal his conviction to the Ohio Supreme Court. (Doc. 4 at 4).

On June 21, 1996, petitioner filed a pro se application to reopen his appeal pursuant to Ohio App. R. 26 (B), raising the following claims:

1.  Appellate counsel was ineffective to substantially prejudice appellant for his specific failure of not citing the trial court's "Plain Error" in sentencing appellant to three (3) year consecutive periods of actual incarceration, prior to the commencement of the serving of indefinite sentences, contrary to § 2929.71(B) of the Revised Code.  Thus, violating Article I Section 10 and 16 of the Ohio Constitution and the 5th, 6th, and 14th Amendments of the U.S. Constitution.

2.  Appellate Counsel was ineffective to substantially prejudice Appellant for his failure and/or omission of not citing trial counsel's ineffectiveness and the trial court's "Plain Error" of appellant being sentenced to consecutive sentences in violation of 2941.25(B).  Thus, violating Appellant's Constitutional due process right under Article I Section 10 and 16 and the 5th, 6th, and 14th Amendment of the U.S. Constitution.

3.  Appellate Counsel was ineffective to prejudice appellant for his failure and/or omission to raise the suggestive police procedure of identification which arguably could have terminated the case against appellant.  Thus, violating Appellant's due process right to a fundamentally fair trial and effective assistance of Counsel pursuant to Article I Section 10 and 16 of the Ohio Constitution and the 5th, 6th, and 15th Amendments of the United States Constitution.

(Doc. 4, Ex. 6).  On August 26, 1996, the Ohio Court of Appeals denied petitioner's application.  (*Id.,* Ex. 8).

On September 6, 1996, petitioner filed a pro se application for reconsideration of the court's decision denying his application for reopening the appeal. (Doc. 4, Ex. 9). On October 11, 1996, petitioner's motion was granted. (Doc. 4 at 5; Ex. 21). On November 15, 1996, petitioner through counsel filed a supplemental brief raising the following assignment of error:

> 1. Appellant was denied the effective assistance of appellate counsel when counsel failed to raise the illegal sentence imposed by the trial court.

(Doc. 4, Ex. 10).

Before ruling on petitioner's ineffective assistance of appellate counsel claim, the Court of Appeals made the following findings of facts with respect to the felonious assault convictions which are entitled to a presumption of correctness under § 2254(e)(1):[1]

> On October 12, 1994, Carl Westmoreland saw defendant-appellant Earl Anderson and another man coming up the side steps of his home at 1901 Auburn Avenue. Westmoreland told the men to leave his property. Westmoreland watched as Anderson and the other man walked down the street, stopped, and stood behind a parked van. After a short period of time, the door opened at 1925 Auburn Avenue. Three young men exited from the residence and jumped unto bicycles. Anderson and the other man stepped from behind the van and began shooting. Westmoreland testified that when Anderson and his companion fired, two of the young men on bicycles "went down" and the other "disappeared over the hill." Anderson and his companion were subsequently arrested.

(Doc. 4, Ex. 12 at 2). On February 6, 1998, the Ohio Court of Appeals vacated two of the three year terms of actual incarceration and affirmed petitioner's convictions and sentences in all other respects. (Doc. 4, Ex. 12). Petitioner failed to pursue an

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed "correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has not demonstrated by clear and convincing evidence that the appellate court findings are erroneous.

appeal to the Ohio Supreme Court. (Doc. 4 at 6).

On April 26, 2000, petitioner filed a motion to vacate sentence pursuant to Ohio Rev. Code § 2953.21 which the trial court denied as untimely on May 12, 2000. (Doc. 4, Ex. 13). Petitioner pursued an appeal to the Ohio Court of Appeals, arguing that the trial court should have held a hearing on the merits of his claim that trial counsel was ineffective for failing to call an alibi witness. (Doc. 4, Ex. 14). Petitioner alleged that his claim was based on newly discovered evidence. (*Id.*). On February 21, 2001, the Ohio Court of Appeals affirmed the trial court's decision. (Doc. 4, Ex. 16). The Court reasoned that petitioner failed to justify his late filing by showing that he was unavoidably prevented from discovering the facts about which his alibi witness would have testified, noting further that "[c]learly, Anderson would have known those facts at the time of trial." (*Id.* at 2). The appellate court ruled that the untimely petition deprived the state trial court of jurisdiction to consider the petition on its merits, and hence, the trial court did not err in failing to hold an evidentiary hearing. (*Id.*). On March 22, 2001, petitioner pursued an appeal to the Ohio Supreme Court raising essentially the same issue he had presented to the Ohio Court of Appeals. (Doc. 4, Exs. 17, 18). On June 6, 2001, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (*Id.,* Ex. 20).

On August 28, 2001,[2] petitioner filed pro se the instant petition for a writ of habeas corpus, asserting that his trial counsel was constitutionally ineffective for failing to call an alibi witness, Ms. Terra Williamston, to testify on his behalf. (Doc. 1).

## OPINION

---

[2]Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date for a habeas corpus petition is actually the date on which the pro se prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *Hughes v. Irvin,* 967 F. Supp. 775, 778 (E.D.N.Y. 1997); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In this case, the record is unclear as to when petitioner actually provided his petition to prison authorities for mailing. The petition was stamped "filed" on September 13, 2001 by the Clerk's Office. On August 28, 2001, petitioner executed the petition. Accordingly, the earliest possible date that the petition could have been mailed is August 28, 2001.

**The Instant Petition is Barred From Review By the One-Year Statute Of Limitations Governing Federal Habeas Corpus Actions.**

Respondent contends in his return of writ that the instant petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 4). Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner argues that his claim is based on newly discovered evidence because Ms. Williamston did not provide him with her affidavit until February 2000. (Doc. 5 at 3). Petitioner's assertion does not warrant the application of 28 U.S.C. § 2244(d)(1)(D) which provides that the statute of limitations begins to run from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. As the Ohio Court of Appeals determined, if petitioner was with Ms. Williamston at the time of the crimes, as she claims, then petitioner knew about his alibi witness at the time of his trial and furthermore, it was apparent after trial that though his attorney had spoken with her, he had failed to call her to testify. Accordingly, petitioner was aware of the factual predicate of his ineffective assistance of counsel claim immediately after trial, at the latest, even without Ms. Williamston's affidavit. *Cf. Whalen v. Randle,* 37 Fed.Appx. 113, *119, 2002 WL 409113, at **4-5 (6th Cir. March 12, 2002) (Section 2244(d)(1)(D) does not apply where factual predicate of claim was not discovered at time petitioner received police report, as he claimed, but rather at trial because petitioner knew then of witnesses discussed in the report).

This petition is governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final after the time for filing a timely appeal to the Ohio Supreme Court had expired. *See McClain v. Hill,* No. CV 97-0007-GHKRC, 1999 WL 345988, at *10 (C.D. Cal. May 19, 1999); *Lucas v. Carter,* No. 3:98CV7072, 1999 WL 240333 at *2 (N.D. Ohio March 23, 1999); *cf. United States v. McNair,* Nos. CIV. A. 98-6021, CRIM. A. 95-124-09, 1999 WL 281308, at *2 (E.D. Pa. May 3, 1999) (citing *Kapral v. United States,* 166 F.3d 565, 577 (3rd Cir. 1999)). Under Ohio law, petitioner was required to file an appeal to the Ohio Supreme Court within forty-five (45) days after the Ohio Court of Appeals' final decision on direct appeal which was issued on April 12, 1996. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Petitioner's judgment of conviction and sentence became "final" under 28 U.S.C. § 2244(d)(1)(A) when the forty-five (45) day appeal period expired on May 27, 1996. The period of limitation began to run on the following day. Fed. R. Civ. P. 6 (a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Therefore, this Court concludes that the statute of limitations would commence running on May 28, 1996 and end one year later in May of 1997 absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Under *Bronaugh v. Ohio,* 235 F.3d 280, 285-286 (6th Cir. 2000), applications to reopen an appeal based on ineffective assistance of appellate counsel claims are part of the direct review process in state court, but do not serve to delay the time in which the limitations period begins to run under § 2241(d)(1)(A). The applications will stop the running of the statute "during the time in which [the] Rule 26(B) application was pending in the Ohio courts." *Bronaugh,* 235 F.3d at 286. As the Sixth Circuit explained in an unpublished decision:

> *Bronaugh* makes clear that the application to reopen pauses the clock
> only for that period of time in which the application is before the state
> courts. For example, if 200 days pass before the Rule 26(B) application
> is filed, § 2244(d)(1)(A) requires that the limitations period is tolled until
> the application to reopen is decided. The application does not, however,
> reset the clock. Rather, the 200 days are assessed against the one-year
> limit in § 2244(d). The statute of limitations runs again immediately after

the Rule 26(B) application has been decided.

*Davis v. Brigano,* 34 Fed. Appx. 155, 158, 2002 WL 203142 (6th Cir. Feb. 7, 2002) (not published in Federal Reporter); *see Banks v. Ohio,* No. C2-02-909, 2002 WL 31598825, at *3 (S.D. Ohio Oct. 31, 2002) (application for reopening cannot serve to toll limitations period when statute of limitations has long expired); *but see Lambert v. Warden, Ross Correctional,* No. 01-3422, 2003 WL 22071466, at *8 (6th Cir. Sept. 2, 2003) (holding that statute of limitations begins to run anew at end of Ohio Rule 26 (B) process).

In this case, the statute of limitations ran for approximately one week before petitioner's June 2, 1996 application for reopening of his appeal filed in the Ohio Court of Appeals tolled the limitation period. The Rule 26(B) proceedings ended on February 6, 1998 when the Ohio Court of Appeals affirmed in part and vacated in part petitioner's sentence. The statute of limitations continued to be tolled until after the forty-five day period for seeking review in the Ohio Supreme Court on March 23, 1998. See Rule II, Section 2 (A)(1), Rules of Practice of the Supreme Court of Ohio. The statute of limitations began running again on March 24, 1998 until it expired approximately fifty one weeks later in March of 1999, absent any additional tolling.

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp.

705, 706-07 (D. Mass. 1997).

In this case, petitioner filed his state post-conviction petition at the end of April 2000 one year after the statute of limitations had expired.   Accordingly, petitioner's post-conviction petition does not serve to toll the limitations period.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988).  In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).  The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)).  The absence of prejudice may only be considered when other factors of the test are met.  *Id.*

Petitioner does not argue that he is entitled to equitable tolling and has made no attempt to apply the five equitable tolling factors to his case.  There is no evidence in the record to suggest that petitioner lacked notice or constructive knowledge of the one-year filing requirement for federal habeas corpus petitions.  In any event, it would have been unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until August 2001 when he filed the instant petition.   Moreover, petitioner has failed to demonstrate that he acted with due diligence in pursuing his remedies with respect to his ineffective assistance of trial counsel claim. Petitioner waited over four years after his conviction to present his claim to the state courts. Therefore, equitable tolling is inappropriate in this case.

Petitioner argues that the Ms. Williamston's testimony exonerates him from the felonious assault charges. To the extent that petitioner may be arguing that he is entitled to equitable tolling on the ground that he is innocent of the offenses, neither

the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has endorsed an "actual innocence" exception to permit consideration of the merits of a habeas corpus petition, which is otherwise procedurally barred from review on statute of limitations grounds, and no such exception exists to § 2244(d)(1) in the language of the statute. *See Whalen,* 37 Fed.Appx. at 120; *Smith v. Smith,* No. 02-CV-72296-DT, 2003 WL 1867807, at *5 (E.D. Mich. April 11, 2003); *Davis v. Stegall,* No. Civ. 02-73093-DT, 2003 WL 1867920, at *4 (E.D. Mich. March 17, 2003); *cf. Workman v. Bell,* 227 F.3d 331, 342 (6th Cir. 2000) (dissent), *cert. denied,* 531 U.S. 1193 (2001). Other courts have suggested such an exception may be available to permit habeas corpus review of a time-barred petition. *See, e.g., Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.), *cert. denied,* 525 U.S. 891 (1998); *Holloway v. Jones,* 166 F.Supp.2d 1185, 1190 (E.D. Mich. 2001) (holding that actual innocence exception exists to statute of limitations); *Neuendorf v. Graves,* 110 F.Supp.2d 1144, 1155-57 (N.D. Iowa 2000); *United States v. Zuno-Arce,* 25 F.Supp.2d 1087, 1100-02 (C.D. Cal. 1998) (§ 2255 petition), *aff'd,* 209 F.3d 1095 (9th Cir. 2000); *Alexander v. Keane,* 991 F. Supp. 329, 334-39 (S.D.N.Y. 1998) (§ 2255 petition); *Brooks v. Olivarez,* No. C 98-134 MJJ (PR), 1998 WL 474160, at *2 (N.D. Cal. Aug. 5, 1998) (unpublished); *cf. Thomas v. Straub,* 10 F.Supp.2d 834, 836 (E.D. Mich. 1998). *But see Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) (actual innocence does not justify equitable tolling of statute of limitations), *cert. denied,* 123 S.Ct. 2277 (2003); *Flanders v. Graves,* 299 F.3d 974, 977-978 (8th Cir. 2002) (actual innocence does not toll statute of limitations unless action of respondent prevented timely discovery of relevant facts or "reasonably diligent petitioner" could not have discovered facts in time to file habeas corpus petition within limitations period), *cert. denied,* 537 U.S. 1236 (2003); *Felder v. Johnson,* 204 F.3d 168, 171 & n.8 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000).

Mindful of the longstanding principle that courts should not pass on the constitutionality of a federal statute "at the instance of one who fails to show that he is injured by the statute's operation," the United States Court of Appeals for the Second Circuit has declined in the absence of a showing of actual innocence to address the question whether the limitations period set forth in 28 U.S.C. § 2244(d) must be read to include an actual innocence exception in order to survive constitutional challenge. *See Lucidore v. New York State Division of Parole,* 209 F.3d 107, 113-14 (2nd Cir. 2000) (quoting *New York City Transit Auth. v. Beazer,* 440 U.S. 568, 583 n.22 (1979)), *cert. denied,* 531 U.S. 873 (2000); *see also Alexander,* 991 F. Supp. at 338. The Sixth Circuit in *Whalen,* 37 Fed.Appx. at 120, has adopted this position. Similarly, this Court should exercise judicial restraint by declining to address this

9

important constitutional issue unless required to do so.

In order to obtain habeas corpus review of his claims on the merits under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Alexander,* 991 F. Supp. at 339 (quoting *Schlup v. Delo,* 513 U.S. 298, 327-28 (1995), which cited with approval the standard enunciated by Judge Friendly in a 1970 law review article, *Is Innocence Relevant?  Collateral Attack on Criminal Judgments,* 38 U.Chi.L.Rev. 142, 145 (1970)); *see also Whalen,* 37 Fed.Appx. at 121 (citing *Alexander,* 991 F. Supp. at 339), *Lucidore,* 209 F.3d at 114.  To be credible, a claim of actual innocence requires petitioner to support his allegations "with new reliable evidence . . . that was not presented at trial" either because it was wrongly excluded or unavailable at the time of trial.  *Id.* at 339-40 (quoting *Schlup,* 513 U.S. at 324); *see also Channels v. McLemore,* 34 Fed.Appx. 153, 155, 2002 WL 112542, at **2 (6th Cir. Jan. 25, 2002), *cert. denied,* 537 U.S. 1090 (2002); *Hill v. Randle,* 27 Fed.Appx. 494, 496, 2001 WL 1450711 at **2 (6th Cir. Nov. 7, 2001); *Lucidore,* 209 F.3d at 114; *Smith,* 2003 WL 1867807, at *6; *Holloway,* 166 F.Supp.2d at 1191.  Such evidence may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Smith,* 2003 WL 1867807, at *6 (quoting *Schlup,* 513 U.S. at 324).  Establishing actual innocence requires a showing of factual innocence, not mere legal insufficiency.  *See Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999); *Smith,* 2003 WL 1867807, at *6*; Holloway,* 166 F.Supp.2d at 1190-1191. In order to pass through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Alexander,* 991 F. Supp. at 339 (quoting *Schlup,* 513 U.S. at 327).

In order to rely on any actual innocence exception, petitioner must demonstrate that he acted with due diligence in pursuing his claims in the state or federal courts. *Smith,* 2003 WL 1867807, at *7 (and cased cited therein)*; Davis*, 2003 WL 1867920, at *4; *cf. Flanders,* 299 F.3d at 978.

Because Ms. Williamston contacted petitioner's defense counsel before trial, making known her availability to testify (Doc. 5, Attachment, Affidavit of Terra Williamston, paras. 5, 6), and petitioner and his counsel were aware of this alibi witness at that time, her testimony was available at the time of trial and therefore

cannot be considered new evidence necessary to support an actual innocence claim. Moreover, petitioner would not be able to benefit from any actual innocence exception for the additional reason that he was not diligent in pursuing his claims in state court. He waited over four years after his conviction to pursue his claim of attorney error in the state courts. Accordingly, to the extent that an actual innocence exception exists, it does not apply in this case.

Since the petitioner's petition for habeas corpus relief was due to be filed in March of 1999 and petitioner did not file his petition until August 2001, the petition is time barred.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), which is applicable to this case because petitioner's claims for relief have been found to be barred from review on procedural grounds.[3] *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

---

[3]Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether the petition states a viable constitutional claim. *See Slack,* 529 U.S. at 484.

Date: _____          S/Susan M. Novotny_____
     hr          Susan M. Novotny
United States Magistrate Judge


C:\Documents and Settings\hillaw\Local Settings\Temp\c.lotus.notes.data\01-610sol.wpd

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Earl Anderson,
     Petitioner

    vs.

                           Case No. C-1-01-610
                           (Spiegel, J.; Novotny, M.J.)

Margaret Bagley,
     Respondent

### NOTICE

      Attached hereto is a Report and Recommendation issued by the Honorable Susan M. Novotny, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).